[No. 15896.   Department Two.   August 6, 1920.]

BOSTON & SPOKANE REALTY COMPANY, *Appellant,* v.
FRANC INVESTMENT COMPANY, *Respondent.*[1]

MORTGAGES (223)—FORECLOSURE—RENTS AND PROFITS—PARTIES EN-
TITLED. A senior mortgagee, bidding in the property at its own fore-
closure sale for the full amount due, is not entitled to rents and
profits prior to the time its right of possession accrued, and has no
interest in rents collected by a receiver appointed in a prior fore-
closure suit by a junior mortgagee who was entitled to collect rents
and apply the same to taxes, interest and a deficiency judgment to
which the senior mortgagee was not party; and hence cannot have
the receiver's appointment vacated on the ground that it was with-
out notice.

Appeal from an order of the superior court for Spo-
kane county, Webster, J., entered February 3, 1920,
distributing funds in the hands of a receiver appointed
in an action to foreclose a mortgage, after a hearing
before the court.   Reversed.

*Danson, Williams & Danson* (*R. E. Lowe,* of coun-
sel), for appellant.

*Charles P. Lund,* for respondent.

TOLMAN, J.—The appellant, Boston & Spokane
Realty Company, commenced this action against
Arthur A. Dunphy and others for the foreclosure of
a second mortgage made by Dunphy and wife.   Re-
spondent, the holder of the first mortgage, was not
made a party to the action.

In its complaint appellant alleged, among other
things, that, at the time its mortgage was executed,
the mortgagors, by a separate writing, agreed that
appellant should be placed in possession of the mort-
gaged property, should collect the rents and disburse

[1]Reported in 191 Pac. 826.

them: (1) In payment of agent's commission. (2) In payment of taxes, assessments, insurance, and operating and maintenance charges. And (3) any sum remaining to be applied, first to the payment of interest, and second, to the payment of the principal of any mortgages which might be a lien against the property. It is further alleged that, notwithstanding such written agreement, the mortgagors had regained possession of the property and were collecting the rents and applying them to their own use, and the prayer was for the appointment of a receiver, as well as the usual prayer for foreclosure. After the filing of the complaint, a hearing was had and a receiver appointed, who, during the pendency of the action and before the sale on foreclosure, collected the fund now in dispute. On November 1, 1919, appellant bid in the property at sheriff's sale, leaving a deficiency unsatisfied upon its judgment against the mortgagors of $717.79. Thereafter the receiver made his report of receipts and disbursements, which was approved, his fees were fixed and allowed, and he was directed to pay over the balance in his hands to appellant to apply on its deficiency judgment.

Thereafter the respondent filed its petition in the action, in which it alleged that it was the holder of a first mortgage on the property, made by the predecessors in interest of the defendants Dunphy and wife; that it began an action to foreclose thereon on April 17, 1919; that then, and at all times since, the owners of the legal title had failed to pay certain taxes and special assessments thereon which were a first lien; that appellant began its action to foreclose a junior mortgage on June 3, 1919, and procured the appointment of a receiver to collect the rents "and apply the rents as shall be directed by the court, and to the pay-

ment of taxes, assessments, interest and mortgage indebtedness on the several pieces of real estate, from the rent received from such real estate, as the court shall direct." The petition further set forth the substance of the receiver's report and the order made thereon; alleged that petitioner had no notice of the hearing on said report, and prayed that the order be set aside and the receiver be directed to apply the money in his hands toward the payment of taxes and assessments on the mortgaged property. The petition does not allege, but it is admitted here, that, prior to the making of the order therein complained of, and prior to the filing of the petition, respondent, at its own foreclosure sale, had purchased the mortgaged property for the full amount due to it under its decree and its judgment was wholly satisfied. Appellant demurred to the petition, and upon a hearing the trial court vacated the prior order and directed the funds in the hands of the receiver to be paid towards the satisfaction of the taxes and assessments on the mortgaged property. This appeal followed.

It is apparent that appellant, by reason of the written agreement giving it possession and the right to collect and apply the rents, was in a more advantageous position than an ordinary mortgagee, and had that agreement been respected, it would have been a mortgagee in possession and, as against respondent (it not being contended that such agreement was made for respondent's benefit), it could have held possession and collected the rents up to the day when by virtue of its purchase at sheriff's sale respondent became entitled to possession, and would have been accountable then, not to respondent, but only to its mortgagor or his successor in interest. This being so, how can it be contended that respondent has any right to, or interest

in, the rents which accrued and were paid before it had any right to the possession or rents? The terms of the written agreement having been violated, appellant sought, as it had a right to do, the aid of a court of equity, through its receiver, to secure merely what the agreement gave it, and that only. The receiver in such a case is a special one for a special purpose, and his duties are circumscribed by the issues in the case in which he is appointed. Nor is he subject to control, directly or indirectly, by one not a party to the cause, hence the respondent, having no interest in the fund in the receiver's hands and no control over the receiver's acts, was not entitled to notice of the filing of the receiver's report and had no interest in, and was not bound by, the order made thereon.

Moreover, respondent, at its own foreclosure sale, knowing, as it was bound to do from the public records, that the taxes and assessments were unpaid and a first lien upon the land, saw fit to purchase the property, subject to such taxes and assessments, for the full amount of its judgment, which judgment apparently was not against Dunphy and wife, but was against previous owners only, and thus satisfied that judgment in full and has no further claim against any one. So far as appears, and under the usual form of mortgage in use in this state, if respondent's mortgagees covenanted to pay taxes and assessments, their breach of that covenant might entitle the mortgagee to declare the debt due, or to pay the taxes and add the amount to the mortgage debt, or both, but except under unusual conditions, not here shown to have been alleged or proven in its action to foreclose, it could not reach out and seize the rents prior to the time when its right to possession accrued.

The judgment of the trial court is reversed, with

directions to reinstate the order attacked by respondent's petition.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.